821 So.2d 1272 (2002)
Maria RAFFINAN and Jose Raffinan, Appellants,
v.
PHILIPPINE CULTURAL FOUNDATION, INC., Appellee.
No. 2D01-2425.
District Court of Appeal of Florida, Second District.
August 2, 2002.
Charles Tyler Cone of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellants.
J. Scott Taylor, Tampa, for Appellee.
SALCINES, Judge.
Maria and Jose Raffinan appeal a summary final judgment entered in favor of the Philippine Cultural Foundation, Inc., a not-for-profit corporation which had expelled them from its membership. The trial court determined that the Foundation was entitled to summary judgment as a matter of law concluding that the Raffinans lacked standing to pursue their statutory causes of action for inspection of the Foundation's corporate records; that they had been legally expelled as members of the Foundation; and that they could not be reinstated as members because the Foundation no longer had any members. We affirm the trial court's ruling as to the Raffinans' claims relating to the termination of their membership. However, because the Raffinans had acquired certain statutory rights prior to the time they were expelled from membership, we reverse the summary final judgment as to their claim concerning the inspection of the Foundation's corporate records.
The Foundation is a not-for-profit corporation organized under chapter 617, Florida Statutes (1995), and recognized as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code. The Raffinans were members in good standing of the Foundation when, on May 5, 1999, Dr. Maria Raffinan requested that the Foundation provide her with corporate records, including the Foundation's articles of incorporation and bylaws, minutes of specific meetings, a membership list, and other documents related to a recent corporate election. Through its secretary/legal *1273 adviser, the Foundation responded that it would produce the documents but expressly conditioned the production on the payment of a $500 deposit for photocopying expenses.
The Raffinans then retained counsel who requested, on behalf of both Maria and Jose Raffinan, that the Foundation allow them to inspect and copy an expanded list of corporate documents. Several stated purposes for the request included: evaluating the accuracy, validity, and legitimacy of the Foundation's operations; evaluating the Foundation's expenditures on legal counsel; evaluating the Foundation's compliance with other records requests and financial reporting requirements; evaluating potential conflicts of interest and possible instances of self-dealing; and evaluating the integrity of the Foundation's financial accounting. The Foundation responded by withdrawing its earlier offer to provide copies of the documents, instead maintaining that the Raffinans had the right only to inspect the documents. The Foundation then further conditioned access to the requested documents on payment of $120 an hour to the Foundation's secretary/legal adviser to supervise the inspection.
On September 24, 1999, the Raffinans brought an action in the trial court to enforce their rights of access to the corporate documents. They alleged that they were members in good standing and, as such, they were "entitled to inspect and review [the Foundation's] corporate records on reasonable request in accord with Florida Statutes Section 617.2103."
On January 6, 2000, the Raffinans received a letter from the Foundation informing them that the Foundation's board of directors would hold a hearing on Sunday, January 9, to determine whether to discipline the Raffinans for alleged violations of the Foundation's articles and bylaws. The Foundation took the position that the Raffinans had violated the Foundation's articles and bylaws by filing the lawsuit and by not attending four fundraising events.
The Raffinans notified the Foundation by facsimile that they would be unable to attend the hearing and asked for a postponement. The Raffinans' attorney also informed the Foundation by letter that neither he nor they would be able to attend, and he also requested that the Foundation postpone the hearing. The Foundation's board of directors denied the requests for postponement.
The board voted to terminate the Raffinans' membership in the Foundation effective January 9, 2000 (eight months after the May 1999 initial request for corporate documents). Thereafter, the Foundation moved for summary judgment on the Raffinans' complaint arguing that its termination of the Raffinans' membership had deprived the Raffinans of standing to pursue their claims. The trial court denied this first motion for summary judgment and, upon the Raffinans' request, it also granted them leave to amend their complaint to add a claim for wrongful termination of their membership.
Subsequently, while the litigation was still pending, the Foundation amended its articles of incorporation abolishing its entire membership effective October 8, 2000. The Foundation then renewed its motion for summary judgment. It again maintained that the Raffinans lacked standing to pursue their claim for access to corporate records, but it also added, as to the Raffinans' claims pertaining to wrongful termination, that it was impossible for the trial court to reinstate the Raffinans as members of the Foundation because it had abolished its membership.
*1274 This time the trial court granted the Foundation's motion for summary judgment. The trial court concluded that the Foundation's termination of the Raffinans' membership had deprived the Raffinans of standing to pursue their claims for access to corporate documents and that the Foundation's abolition of its membership made it impossible to reinstate the Raffinans as members. It entered a final judgment, and it is this final judgment from which the Raffinans appeal.
A not-for-profit corporation is permitted to incorporate with or without membership. § 617.0601(1)(a), Fla. Stat. (2001). The same was true at the time the Foundation filed its articles of incorporation in 1995. See § 617.0601(1)(a), Fla. Stat. (1995). Although the Foundation could have elected to forego membership when it was created, it chose to incorporate with members. Therefore, the Foundation's members, including the Raffinans, acquired statutory rights under chapter 617 and did not waive those rights by the mere act of becoming members.
At the time the Raffinans sought redress, the Foundation, as a not-for-profit corporation described in section 501(c) of the Internal Revenue Code of 1986, as amended, had a statutory obligation to maintain its books and records in written form or in another form which could be converted to written form within a reasonable time. See § 617.2103(3)(a), Fla. Stat. (1999). The Foundation's members had a statutory right to inspect those records "for any proper purpose at any reasonable time." Id. Although section 617.2103 did not expressly set forth the mechanism for enforcing this statutory right in the event a member was wrongly deprived of his or her right, section 617.2103(3)(b), Florida Statutes (1999), implicitly recognized a member's right to enforce his or her access to corporate records by resort to court and to be awarded attorney's fees by the court. Specifically, section 617.2103(3)(b) stated:
If a member resorts to an action or proceeding to enforce the rights of members provided in this subsection and if the member prevails in such action or proceeding, the court shall allow such member the cost of her or his action or proceeding, including reasonable attorney's fees.
It is undisputed that the Raffinans instituted their action in the trial court to enforce their statutory right of access to the Foundation's records and, at the time they did so, they were members entitled to such access. The Foundation, however, took the position that the Raffinans were precluded from enforcing their statutory right of access to the corporation's records through litigation as a result of the corporation's bylaws which provided, in article 1, section 3:
[M]embership in the Corporation shall constitute unconditional permission for, and complete acquiescence in, the submission of all disputes with the Corporation or any of its member [sic] or officer [sic] to the Board of Directors of the Corporation for resolution, whose decision is final....
Even if the Foundation could have restricted its membership from seeking redress of disputes in court, the foregoing provision lacked the specificity necessary to constitute a waiver, by the Raffinans, to seek court enforcement of their statutory right of inspection of the corporate records. Further, the Raffinans still had an additional legitimate interest even after membership had been abolished because they had a statutory remedypossible entitlement to attorney's fees. Disbanding membership did not divest the Raffinans of those rights.
*1275 Whether the Raffinans can ultimately establish that their requests for particular records were for "any proper purpose at any reasonable time" as required by section 617.2103(3)(a), and whether the Raffinans had exhausted available internal remedies through the Foundation prior to filing their action in court, are issues yet to be determined.
Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS and COVINGTON, JJ., Concur.